————o————

## No. 6867.

## J. D. REYNAUD v. PARISH OF ST. JOHN THE BAPTIST.

### Syllabus.

1. In a general way the principle of tacit reconduction applies to a contract of hiring as well as to a lease upon property.

2. The public printer of a parish or municipality, selected under section 22 of Act 141 of 1912 (amended by Act 11 of 1914) is a public officer within the meaning of Art 172 of the Constitution, and holds his office until his successor is appointed.

Appeal from the Twenty-eighth Judicial District Court, Parish of St. John the Baptist, No. 474.

L. M. Reynaud, for plaintiff and appellee.

L. H. Marrero, Jr., for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

On June 4th, 1914, pursuant to the provisions of Sec. 22 of Act 141 of 1912, plaintiff was duly selected "parish printer" of the Parish of St. John the Baptist for the term of one year, at a salary of $600 per year.

At the end of the year he was not re-elected nor was any one in his stead, but the Police Jury continued to send him the public printing and he continued to publish it as before.

He now claims his compensation for seven months during which he continued to do the public printing as aforesaid. The finance committee of the Police Jury has approved his bill, but the Police Jury itself refuses to pay the bill on the ground that he held no office and was entitled to no compensation.

Even if we concede that the relations between plaintiff and defendant were a mere contract of hiring, we should still hold that the judgment of the Court below in favor of plaintiff is correct.

For the service was actually rendered, and every laborer is worthy of his hire; and this Court has heretofore held, and adheres to the holding, that "in a general way the principle of tacit reconduction applies to a contract of hiring as well as to a lease." *Newman v. Longshoreman's Ass'n.*, 11 *Court of Appeal*, p. 38.

But a reading of Sec. 22 of Act 141 of 1912 (amended by Act 11 of 1914) clearly shows that the public printer for a parish or municipality is a public officer. It is not the **publication** that is selected, but the **person** whose qualifica-

tions are that he must be editor and publisher of a news-paper, and he (not the Police Jury) shall designate the newspaper which is to do the public printing.

Being a public officer, plaintiff holds his office until a successor is appointed, both under article 172 of the Constitution and under the general law.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, February 19th, 1917.